**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN KEITH HERRON,

          Petitioner-Appellant,

v.

J. T. SHARTLE,

          Respondent-Appellee.

No.   15-17315

D.C. No. 4:13-cv-00358-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

    Federal prisoner Brian Keith Herron appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition challenging a disciplinary

proceeding that resulted in the loss of good conduct time credits and a monetary

restitution sanction in the amount of $2,138.20. We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a district court's denial of a section 2241 habeas corpus petition, *see Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir. 2000), and we affirm.

Herron contends that, with the exception of $158.20, the Disciplinary Hearing Officer relied on insufficient evidence to determine the amount Herron should pay for damage to prison property. Herron argues that the process for calculating the restitution amount was arbitrary and unregulated, and he urges this court to reassess the credibility of the evidence presented at the hearing which he contends was tainted because prison staff harbored animosity towards him. The record shows that the disciplinary proceedings complied with the procedural due process requirements delineated in *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974). Further, contrary to Herron's contention, the sanctions imposed are supported by "some evidence." *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

**AFFIRMED.**